Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

# UNITED STATES DISTRICT COURT

2023 MAY 17  PM 3: 58

for the

**ORIGINAL**

Northern  District of Texas

DEPUTY CLERK **MS**

Dallas Division

**3 - 23 CV1 131 - E**

|  |  |
|---|---|
| | Case No. _____ |
| Nekela Janan Moore | *(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)* | |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Jury Trial: *(check one)*  ☐ Yes  ☒ No |
| **-v-** | |
| Fundamental Clinical and Opertional Services, LLC | |
| *Defendant(s)* | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Nekela Janan Moore |
| Street Address | 8405 Manchester Drive |
| City and County | Rowlett, Dallas |
| State and Zip Code | Texas, 75089 |
| Telephone Number | 214-621-2044 |
| E-mail Address | nekelamoore@yahoo.com |

#### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

    Name                           Fundamental Clinical and Operational Services, LLC

    Job or Title *(if known)*

    Street Address                920 Ridgebriook Road

    City and County              Sparks, Baltimore

    State and Zip Code         Maryland, 21152

    Telephone Number        877-447-4000

    E-mail Address *(if known)*   karen.miller@fundltc.com

Defendant No. 2

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 3

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 4

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

C.    **Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Edgewood Rehabilitation & Care Center |
| Street Address | 1101 Windbell Drive |
| City and County | Mesquite, Dallas |
| State and Zip Code | Texas, 75149 |
| Telephone Number | 972-288-8800 |

II.    **Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☒    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note:  In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Other federal law *(specify the federal law)*:

☐    Relevant state law *(specify, if known)*:

☐    Relevant city or county law *(specify, if known)*:

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐  Failure to hire me.
- ☒  Termination of my employment.
- ☐  Failure to promote me.
- ☒  Failure to accommodate my disability.
- ☐  Unequal terms and conditions of my employment.
- ☒  Retaliation.
- ☐  Other acts *(specify)*: _____

    *(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)

07/27/2018

C.    I believe that defendant(s) *(check one)*:

- ☐  is/are still committing these acts against me.
- ☒  is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☐  race                   _____
- ☐  color                  _____
- ☐  gender/sex             _____
- ☐  religion               _____
- ☐  national origin        _____
- ☐  age *(year of birth)*   _____  *(only when asserting a claim of age discrimination.)*
- ☒  disability or perceived disability *(specify disability)*

    Physical and Mental Disability

E.    The facts of my case are as follows. Attach additional pages if needed.

1. I requested, as an accomdation, time off under the Family and Medial Leave Act (FMLA) and was granted preliminarily leave under FMLA on July 11, 2018 by Sabrina Jenkins, Regional Director of Human Resources in Texas. As requested, my physician completed, signed, dated and submitted the FMLA documents on July 16, 2018. I was terminated on July 27, 2018, after I received a call from Karen Miller, VP of Human Resources and Susie Myers. Ms. Karen Miller stated my FMLA was not approved and they would not make any reasonable accomadations through the Americans with Disabilities Act, and terminated me immediately. Karen Miller stated I was only covered by the ADA if I had a long term disability and my illness was a short term disability and the ADA does not apply to me.

2. I believe that I was retaliated against based on my disability, in that I was terminated for requesting a reasonable accommodation, in violation of the American with Disabilities Act of 1990.

*(Note:  As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.    Exhaustion of Federal Administrative Remedies

A.      It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

08/13/2018

B.      The Equal Employment Opportunity Commission *(check one)*:

☐       has not issued a Notice of Right to Sue letter.

☒       issued a Notice of Right to Sue letter, which I received on *(date)*    2/21/2023            .

*(Note:  Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.      Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐       60 days or more have elapsed.

☐       less than 60 days have elapsed.

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

I, Nekela Janan Moore, asks the court to render a money judgement of $624,000.00 for front pay, back pay, attorney's fees and costs, compensory damages or any past or future out-of-pocket losses and any emotional distress/harm, and punitive damges due to employer acting with malic or with reckless indifference to my federally protected rights. I believe that I was retaliated against based on my disability, in that I was terminated for requesting a reasonable accommodation, in violation of the American with Disabilities Act of 1990.

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    05/17/2023

Signature of Plaintiff

Printed Name of Plaintiff    Nekela Janan Moore

### B.    For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

RE: EEOC Charge No. 531-2018-03218

From:PATRICIA CARRASCO (patricia.carrasco@eeoc.gov)
To:nekelamoore@yahoo.com
Date:Friday, February 24, 2023 at 12:51 PM CST

Ms. Moore,

I have been informed of your concerns. Please email me the requested information and I will review it. Once I receive your documentation and review it, I will contact you directly to inform you of the course of action that will be taken regarding your concern about amending your charge to include retaliation. However, I want to emphasize that the Statute of Limitation on the 90 days to file in court is based on the date you receive your Notice Of Right To Sue. Therefore, if you received your NRTS on February 21, 2023, you are well within your 90-day window.

Let me know if you have any questions.



Patricia B. Carrasco
Enforcement Manager
US EEOC, San Antonio Field Office
5410 Fredericksburg Road, 2nd Floor
San Antonio, TX  78229
Phone:  (210) 640-7547
e-mail:  patricia.carrasco@eeoc.gov

"*To realize one's destiny is a person's only obligation.*"--Paulo Coelho

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**San Antonio Field Office**
5410 Fredericksburg Road, Suite 200
San Antonio, TX 78229
(210) 640-7530
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 11/23/2022

**To:** Ms. Nekela J. Moore
8405 Manchester Drive
Rowlett, TX 75089

Charge No: 531-2018-03218

EEOC Representative and email:     Angela Morris
Investigator
angela.morris@eeoc.gov

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 531-2018-03218.

On behalf of the Commission,

Norma J. Guzman
Field Director

**Cc:**
Karen Miller
Fundamental Administrative Services
920 Ridgebrook Road
Sparks, MD 21152

Brigitte Miller
Fundamental Administrative Services, LLC
920 Ridgebrook Road
Sparks Glencoe, MD 21152

Please retain this notice for your records.

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 531-2018-03218 |

|  |  |  |  | and EEOC |
|---|---|---|---|---|

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Ms. Nekela J. Moore** | **(214) 621-2044** |  |

| Street Address | City, State and ZIP Code |
|---|---|
| **8405 Manchester Drive, Rowlett, TX 75089** |  |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **FUNDAMENTAL CLINICAL AND OPERATION SERVICES, LLC** | **500 or More** | **(877) 447-4000** |

| Street Address | City, State and ZIP Code |
|---|---|
| **920 Ridgebrook Road, Sparks, MD 21152** | **RECEIVED** |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
|  | AUG 13 2018 |  |

| Street Address | City, State and ZIP Code |
|---|---|
|  | EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION<br>DALLAS DISTRICT |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |  |
|---|---|---|
|  | Earliest | Latest |
| ☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN | **06-08-2018** | **07-27-2018** |
| ☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION |  |  |
| ☐ OTHER *(Specify)* | ☐ CONTINUING ACTION |  |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**PERSONAL HARM:**
1.      I requested as an accommodation, time off under the Family and Medical Leave Act ("FMLA") as my physician completed, signed, dated and submitted the FMLA documents on July 16, 2018, and I was fired on July 27, 2018, after I received a call from Karen Miller, VP of Human Resources and Susie Myers. Ms. Miller stated my FMLA was not approved and terminated me immediately.

**RESPONDENT'S REASON FOR ADVERSE ACTION:**
1.      Ms. Miller stated I was only covered if I have a long-term disability, and ADA does not apply to short-term disability.

**DISCRIMINATION STATEMENT:** I believe that I was discriminated against based on disability, in violation of the Americans with Disabilities Act of 1990.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Aug 13, 2018**       *Nekela Moore*<br>Date              Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

**1.    FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

**2.    AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

**3.    PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

**4.    ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

**5.    WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**San Antonio Field Office**
5410 Fredericksburg Road, Suite 200
San Antonio, TX 78229
(210) 640-7530
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 04/25/2023

**To:** Ms. Nekela J. Moore
    8405 Manchester Drive
    ROWLETT, TX 75089
Charge No: 531-2023-02665

EEOC Representative and email:    PATRICIA CARRASCO
    Enforcement Manager
    patricia.carrasco@eeoc.gov

---

### DISMISSAL OF CHARGE

The EEOC is closing this charge because your charge was not filed within the time limits under the law; in other words, you waited too long after the date of the alleged discrimination to file your charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 531-2023-02665.

On behalf of the Commission,

Patricia B.
Carrasco
Digitally signed by Patricia B. Carrasco
Date 2023.04.25 14:19:49 -05'00'
    for

Norma J. Guzman
Field Director

**Cc:**
Karen Miller
920 RIDGEBROOK RD
SPARKS GLENCOE, MD 21152

Please retain this notice for your records.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | EEOC<br><br>FEPA | 531-2023-02665 |

| Texas Workforce Commission Civil Rights Division | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.)* | Home Phone | Year of Birth |
|---|---|---|
| Ms. Nekela J. Moore | 214-621-2044 | |

**Street Address**

8405 Manchester Drive

ROWLETT, TX 75089

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| FUNDAMENTAL CLINICAL AND OPERATIONAL SERVICES, LLC | 101 - 200 Employees | |

**Street Address**

920 RIDGEBROOK RD

SPARKS, MD 21152

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|---|
| | Earliest | Latest |
| Disability, Retaliation | 07/27/2018 | 07/27/2018 |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

PERSONAL HARM: 1. I requested, as an accommodation, time off under the Family and Medical Leave Act (FMLA) as my physician completed, signed, dated and submitted the FMLA documents on July 16, 2018, and I was fired on July 27, 2018, after I received a call from Karen Miller, VP of Human Resources and Susie Myers. Ms. Miller stated my FMLA was not approved and terminated me immediately.

RESPONDENTS REASON FOR ADVERSE ACTION: 1. Ms. Miller stated I was only covered if I have a long-term disability, and ADA does not apply to short-term disability.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| _____<br>Date                              *Charging Party Signature* | SUBSCRIBED   AND   SWORN   TO   BEFORE   ME   THIS   DATE<br>*(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC<br>FEPA | **531-2023-02665** |

| **Texas Workforce Commission Civil Rights Division** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

DISCRIMINATION STATEMENT: I believe that I was retaliated against based on my disability, in that Respondent terminated my employment for requesting a reasonable accommodation, in violation of the Americans with Disabilities Act of 1990.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| _____<br>*Date*        *Charging Party Signature* | SUBSCRIBED    AND    SWORN    TO    BEFORE    ME    THIS    DATE<br>*(month, day, year)* |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:**  Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.**  The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.**  This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws).  Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination.  This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions.  A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.**  Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of.  Without a written charge, EEOC will ordinarily not act on the complaint.  Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed.  Charges may be clarified or amplified later by amendment.  It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA.  Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements.  You will be told which agency will handle your charge.  When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter.  Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings.  Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

**Karen Miller** <karen.miller@fundltc.com>
To: Nekela Moore, Susie Myers (VP, Sales and Marketing)
Cc: nekelamoore@yahoo.com
Mon, Jul 30, 2018 at 1:02 PM

Thank you for your letter.  We have reviewed your request for leave and/or accommodation.  As we discussed, you are not eligible for FMLA leave.  Based on the information you and your physician provided, your medical condition does not appear to qualify as a disability under the Americans with Disabilities Act, as amended.  Based upon your condition and the requirements of your key position with the company, we are unable to provide any accommodation at this time.

We wish you well in your recovery.   Please complete your expense report and return your company issued laptop as soon as possible to my attention at 920 Ridgebrook Rd.  Sparks, MD  21152.

Thanks
Karen


**From:** Nekela Moore
**Sent:** Monday, July 30, 2018 2:53 AM
**To:** Karen Miller; Susie Myers (VP, Sales and Marketing); Scott Hillegass
**Cc:** nekelamoore@yahoo.com
**Subject:** FMLA letter
**Importance:** High


July 27, 2018


Karen Miller, VP Human Resources


Dear Karen Miller,


I, Nekela Moore, Community Liaison with Fundamental Clinical and Operational Services, LLC am writing this letter in response to a phone conversation that you placed to me on Friday, July 27, 2018, around 2:00 pm with Susie Myers, VP of Business Development present on the telephone. As you are aware, our conversation commenced immediately with you informing me that my FMLA leave request submitted by my physician was not approved due to not being employed with Fundamental Clinical and Operational Services, LLC for one year of employment and I was being terminated effective today. Also, you stated the company will not hold my position until September 8, 2018, due to the need for someone to fill in the position immediately due to census. In addition, you stated I could reapply with the company later if a position was available at that time. In your response, you referenced several times to September 8, 2018, which was the date that my physician indicated on the FMLA documents as an "estimated ending date for the period of incapacity".  In addition, you questioned the validity of the FMLA documents by inquiring "did you or your physician complete the FMLA documents". I responded by stating "my physician completed, signed and emailed the FMLA documents". You asked me if I had any other company items to turn in to Susie besides my laptop and I stated yes, I have collateral material and my expense reports to turn in. **Desperate to maintain my employment with FCOS, I asked if you would consider my physician's recommendation for accommodations through the "Americans with Disabilities Act". It was so disheartening to hear you state, "the ADA is for individuals with a long term**

disability and my illness is the result of a car accident and is a short term illness". You repeated this statement several times concerning my disability and referenced to the FMLA forms submitted by my physician. Also, it was mentioned in the same conversation by Susie or you that a physician is very versed with FMLA forms and the decision to terminate is based on the FMLA forms my physician submitted. Again, I expressed that I wanted to continue my employment and not lose my job. I asked you twice to please consider accommodating me through the Americans with Disabilities Act and allow me the opportunity to consult with my physician regarding my medical condition. Again, I stated my physician previously discussed with me working under accommodations through the Americans with Disabilities Act.  I asked if I could be considered for the open Baylor Dallas position that Susie discussed with me last month and asked me if I was interested, considering I was already performing the job responsibilities for the Baylor Dallas account.  I stated transferring to the Baylor Dallas account will reduce the amount of prolonged driving, walking, standing and eliminate my other accounts. Susie interjected in the conversation by stating the "Baylor Dallas position has not been posted and has never been open and we asked other liaisons to fill in". Perplexed by Susie's response, I replied "you asked me if I was interested in the Baylor position in late June and you stated Jaime had opened the position". I replied by stating at least it would relieve me of my other accounts and it will reduce my workload. Finally, you stated you would only be available one hour and if you didn't hear back from me within an hour, you would proceed with the decision to terminate my employment effective today.  Distraught, I stated that I would reach out to my physician immediately after our conversation however he may be seeing patients and can't consult with me. You responded again by stating "based on the FMLA documents submitted, I did not qualify for accommodations through Americans with Disability Act but I could reach out to my physician anyway". Also, it was mentioned in the same conversation by Susie or you that a physician is very versed with FMLA forms and the decision is based on the FMLA forms my physician submitted. Finally, you stated you would only be available one hour and if you didn't hear back from me within an hour, you would proceed with the decision to terminate my employment effective today.  Distraught, I stated that I would reach out to my physician immediately after our conversation however he may be seeing patients and can't consult with me immediately.  After speaking with you and Susie, I reached out to one of my physicians, Dr. Starry at Rockwall Injury Rehabilitation and Chiropractic. In tears, I informed Dr. Starry that I was terminated effective immediately. Dr. Starry stated I was disabled and the American with Disabilities Act pertained to my medical condition. Dr. Starry stated he was seeing patients at that time but he would be happy to speak with my employer on Monday. It was pass the one hour window that you have given me when I reached my physician. Consequently, it was evident that a decision was already made to terminate my employment effective immediately by Fundamental Clinical and Operational Services, LLC without considering my request reasonable accommodations through the Americans with Disabilities Act and discussing my needs and identifying the appropriate reasonable accommodation. Prior to my motor vehicle accident and my physician requesting medical leave and FMLA, I filed two formal written complaints of workplace stress, harassment and retaliation with Sabrina Jenkins, Human Resources Director. Sabrina never followed up with me regarding the action taken by FCOS regarding my formal complaint.  Being terminated effective immediately, I feel I have been treated unfavorably and subjected to disability discrimination by Fundamental Clinical and Operational Services, LLC and a past history of harassment and retaliation. In addition, I am experiencing severe emotional distress caused by my immediate termination and this entire lengthy medical leave request process and my health has been further affected.

As you are aware, I previously contacted Amanda regarding the company's policy on requesting medical leave and FMLA. Amanda and I discussed my car accident, current medical condition and my physician's recommendations for medical leave/FMLA request. On July 25, 2018, I emailed Amanda Bendis, HR Coordinator (who also emailed and mailed me a designation notice regarding my FMLA status) and informed her that I spoke with my physician and he inquired about other accommodations available through FCOS since the FMLA was denied.  In addition, I informed Amanda that my physician discussed the Americans with Disabilities Act (ADA) and how it pertains to my situation. I also formally requested information on the Americans with Disability Act and the company's policy on providing reasonable accommodations with a disability. On that same day I communicated with Susie via email and informed her that "I am working with Human Resources to obtain any options available to me while I recover from my accident and injuries".  I also informed Susie that I am waiting on a response from Karen Miller per Amanda's email to discuss my medical leave and FMLA request and I will keep her informed as I am informed of the status. I also informed Susie "I needed clarification and direction" as well.

On June 26, 2018, I met face to face with Susie for our marketing meeting at Edgewood Rehab in the conference room. During the marketing meeting Susie announced that Matthew Foster was promoted and he would start his new position by helping out at Edgewood Rehab first. Several managers were present during Susie's announcement and Mabel expressed excitement about Matthew helping Edgewood Rehab with marketing efforts. After the marketing meeting, Susie asked to meet with me individually. During the individual meeting with Susie she stated "the Baylor Dallas position is now open and Jaime approved it, are you interested in the Baylor Dallas position". Enthused, I replied yes, I'm interested in the open Baylor Dallas position. I was very excited about the opportunity to transfer to the Baylor Dallas position, considering I was already performing the job responsibilities for this account and being held accountable.  Also due to my formal written complaints, it would allow me the opportunity to transfer from Edgewood Rehab.  Susie asked me to continue working the Baylor Dallas account and applauded my efforts. Susie also informed me to "don't worry about Angel and allow Mabel to deal with the Angel". Perplexed at her remark, I told Susie that I'm stressed and Angel's job performance impacts my job responsibilities. Susie did not communicate on the subject further and the meeting concluded.  I was hoping I could get some support or resolution to my workplace stress, but unfortunate it didn't occur and the meeting lasted about 5 minutes. Previously, during the month of May, Susie sent me an email that Mia Madison, Community Liaison who was hired for the Baylor Dallas account, was being transferred to another facility to help out. Susie told me in the email that I was being assigned to the Baylor Dallas account effective immediately. Hunter Daniels, Regional Director of Business Development even emailed a new territory assignment list to all liaisons with my newly assigned Baylor Dallas accounts along with all of my existing accounts.  Susie did not give me any notice nor did she ask if I could manage the Baylor Dallas Hospital accounts along with my existing accounts before restructuring my job responsibilities. By Susie telling me to market the Baylor Dallas Hospital accounts along with my existing accounts, I had more accounts than any other liaison in Dallas. Susie expected me to perform and held me accountable for Baylor Dallas Hospital and my other accounts in my territory. Weeks passed and I received an email again from Susie stating that Mia was not returning to her position at Baylor Hospital and I needed to continue marketing the Baylor Dallas Hospital account. As directed by Susie, I continued to market and grow the referrals from Baylor Dallas Hospital until July 13, 2018. In June, I emailed Susie and requested a meeting. Susie

and I spoke upon my request and I informed her that I would like to be considered permanently for the Baylor Dallas position since I was already performing the job responsibilities and being held accountable. I informed Susie that with her restructuring my job responsibilities, I had more accounts that any other liaison in Dallas.  Without being given a notice or choice, I was performing additional responsibilities and I had increased the number of referrals from Baylor Dallas Hospital in a short while to several FCOS facilities. Not only was Edgewood Rehab benefiting from my marketing efforts at Baylor Dallas but other Fundamental facilities were also including Monarch Pavilion Rehab Suites. Carlos Perez, Administrator at Monarch informed me that doing his tenure, Baylor Dallas Hospital had never referred to Monarch. Mabel even congratulated me on my success at Baylor Dallas Hospital and stated he noticed the increase in referrals since I had the account. Several Admissions Directors emailed me and thanked me for my marketing efforts at Baylor Dallas and mentioned the number of referrals their facilities received. When I emailed Susie my liaison territory report in June, she responded by congratulating me on my marketing efforts at Baylor Dallas Hospital and asked me to keep up the good work. While out sick Matthew phoned me to discuss how I was feeling because Mable told him I was out sick. Matthew and I discussed my accounts and my marketing plans with several of them. Matthew informed me that he could fill in and help with my accounts while I was out recovering from the car accident because Mila was back at Sandy Lake and he didn't need to fill in there anymore. Susie and I spoke via email and I informed that I spoke to Matthew regarding my accounts and territory and he agreed to fill in for me while I was out.

During my tenure at FCOS, I have fulfilled dual roles several times and my job has been restructured without notice or consideration. When my Admissions Director was terminated shortly I started, I performed as the Admissions Director and Marketing Liaison until someone was hired. As stated above, I was told by Susie to market Baylor Dallas Hospital and held accountable for census development. In March, I was challenged by corporate and Susie to achieve 90 total census in 90 days and I accomplished that goal.  Achieving 90 total census in 90 days required a lot of hard work, long work hours and dedication.  I was congratulated and recognized for achieving a census of 90 in 90 days by my peers and many corporate employees. When I started at Edgewood the census was in the low 60's and many referral sources informed me they did not have a good working relationship with Edgewood and was not referring patients to them. I worked diligently and dedicated great efforts to building producing relationship with my accounts and the growing census proved it.

In closing, it saddens me that I've had to endure this much pain and suffering from this company. Regrettable, Fundamental Clinical and Operational Services only make accommodations such as restructuring your job responsibilities and reassignment to vacant positions when it benefits the company and not the employees in their time of disability. In addition, FCOS did not abide by the law and adhere to the Americans with Disabilities Act of 1990. Furthermore, FCOS failed to take reasonable care to prevent and promptly take corrective action against workplace stress, harassment and retaliation.  **Due to the very sensitive nature of this matter, I would appreciate any further correspondence by FCOS to be submitted in writing to me and trust that my letter will be taken seriously.**

Sincerely,

Nekela Moore

Cc: Ben Abbott & Associates, PLLC Attorneys At Law

Dr. Wyatt, Rockwall Injury Rehabilitation & Chiropractic

Dr. Starry, Rockwall Injury Rehabilitation & Chiropractic

Dr. Nosnik, Diplomate of the American Board of Neurology and Psychiatry

Dr. Grantham, Fulcrum Orthopedics

July 11, 2018

Nekela Moore

Dear Nekela:

You have been preliminarily granted leave under the Family Medical Leave Act ("FMLA") for:

\_\_\_\_\_ The birth of a child, or the placement of a child with you for adoption or foster care; or

\_\_X\_\_ A serious health condition that makes you unable to perform the essential functions for your job; or

\_\_\_\_\_ A serious health condition affecting your \_\_ spouse, \_\_\_ child, \_\_\_ parent, for which you are needed to provide care.

Unless otherwise stated, you have a right under FMLA to take up to 12 weeks of unpaid leave in a rolling 12-month period for the reasons listed above as medically necessary.

The company requires that all accrued PTO time be used concurrently with your FMLA leave. You cannot borrow against any PTO time that is not yet accrued. You will only be able to use the PTO time that you have accrued effective your last day of work. As long as you are receiving a full week's pay while on leave, you will continue to accrue PTO time; however, the PTO time accrued during your leave will not be available to you until you return to work on a full-time basis. Once you stop receiving a full week's paycheck, you will no longer accrue PTO time.

If you are enrolled in the Short Term Disability ("STD") Plan, you may be eligible to receive disability income payments during your leave of absence. Disability claim forms are available from Trion, your Benefits Coordinator. Trion is also available to assist you in submitting a claim form. After review of the claim, if it is approved in accordance with the terms of the STD plan, disbursement of STD payments will begin. You will not be required to use PTO time while you are receiving STD payments.

During your FMLA leave, you are required to continue paying the employee cost of your benefits. This will continue to be collected through payroll deductions in accordance with standard practices. Once you stop receiving a paycheck, you will be responsible for timely payment of your employee cost of benefits to your employer. Please provide payment for your employee portion of the health premiums by the 10th of each month. A 30-day grace period is available. If your payment is not made timely, or you do not work out a payment plan, your benefits may be cancelled, after we provide you with written notification at least 15 days prior to the date that your benefits will lapse and COBRA information will be sent to you.

In the event that you do not return from leave as defined by the FMLA, you will be responsible to repay your employer for the employer's portion of your benefits, which was paid on your behalf during your leave of absence (the "Debt"). Your employer reserves the right to collect the Debt from any unpaid wages and/or accrued PTO time, in accordance with state and federal law.

If eligible, the above-referenced requested time of work for leave of absence will be counted against your annual FMLA leave entitlement.

You will be required to provide a medical certification of your serious health condition to your employer. The enclosed Request and Certification forms must be completed in their entirety and returned to me within fifteen (15) days of the date of this letter. Your failure to return the completed forms in a timely manner may result in a denial of your requested leave of absence and may also result in the termination of your employment. If the requested leave of absence is related to your own medical condition, you will be required to provide a release to duty certification prior to your return to work. If such certification is required but not received, your return to work will be delayed until the certification is provided to your employer.

During your leave absence you will be required to furnish your employer with periodic reports every 30 days regarding your status and intent to return to work. If the circumstances of your leave change and you are able to return to work earlier than the date indicated in your request and/or medical certification you will be required to notify us at least two work days prior to the date you intend to report to work.

As your employer, we want to make sure that you receive the benefits available to you as outlined in your Employee Handbook and the FMLA. If you have any questions, please contact me immediately at 817/471-4150.

Sincerely,

Sabrina R Jenkins
Regional Director of Human Resources – TX

# CIVIL COVER SHEET    3-23CV1131-E

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
*Moore, Nekela J.*

**DEFENDANTS**
*Fundamental Clinical and Operational Service LLC*

**(b)** County of Residence of First Listed Plaintiff   *Dallas County*
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  *Baltimor Baltimore Co.*
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*  *unknown*

RECEIVED
MAY 1 7 2023
MS
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question *(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans | Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| (Excludes Veterans) | ☐ 340 Marine | Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*  *Americans with Disabilities Act of 1990 as federal,  42 U.S.C. 12112 to 12117  Texas nm*
Brief description of cause:  *More Discrimination and Retaliation*

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ *624,000.00*

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*N/A*
*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____