IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NEKELA JANAN MOORE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-1131-E-BN |
| | § | |
| FUNDAMENTAL CLINICAL AND OPERATIONAL SERVICES LLC, | § § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Nekela Janan Moore filed a *pro se* complaint alleging discrimination in violation of the Americans with Disabilities Act ("ADA") against Defendant Fundamental Clinical and Operational Services, LLC ("Fundamental"). *See* Dkt. No. 3. And United States District Judge Ada Brown referred this case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court granted Moore's motion for leave to proceed *in forma pauperis* and, under 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3), ordered the Clerk of Court to issue a summons (based on the contact information for the defendant provided by Moore) and the United States Marshal to serve process on Defendant. *See* Dkt. No. 8.

On June 28, 2023, a summons was returned, indicating that Fundamental was served by the Marshal on June 22, 2023, *see* Dkt. No. 11, which would mean that, in general terms, Defendant's deadline to respond was Monday, July 15, 2023, *see* FED.

R. CIV. P. 12(a)(1); FED. R. CIV. P. 6(a)(1)(C).

The Court therefore entered an order on September 27, 2023 explaining that

> Defendant's failure to respond so far may implicate Local Civil Rule 55.1, which provides that, "[i]f a defendant has been in default for 90 days, the presiding judge may require the plaintiff to move for entry of a default and a default judgment. If the plaintiff fails to do so within the prescribed time, the presiding judge will dismiss the action, without prejudice, as to that defendant." N.D. TEX. L. CIV. R. 55.1.
> The Court therefore ORDERS Moore to, by **October 14, 2023**, either (1) file a status report advising the Court if Moore does not believe that Defendant is in default after having been properly served with process in this case or (2) seek entry of default and file a motion for default judgment against Defendant.
> And Moore is CAUTIONED that failure to timely comply with this order could lead to the dismissal of this lawsuit. *See* FED. R. CIV. P. 41(b); N.D. TEX. L. CIV. R. 55.1.

Dkt. No. 12.

Moore then filed a timely motion for default judgment. *See* Dkt. No. 13.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that, for the reasons and to the extent set out below, the Court should deny the motion for default judgment and enter judgment dismissing this lawsuit without prejudice.

**Legal Standards**

When a defendant has "failed to plead or otherwise defend" an action, the Court may enter a default judgment if the plaintiff establishes the following prerequisites: (1) the defendant was served with the summons and complaint and default was entered; (2) the defendant is not "a minor or incompetent person"; and (3) the defendant is not in the military. FED R. CIV. P. 55(b)(2); *see also* 50 U.S.C. § 3931(a), (b) (providing "[p]rotection [for] servicemembers against default judgments").

In this circuit, there is a required three-step procedure to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk of the Court; and (3) entry of default judgment by the district court. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (defining "the terms regarding defaults").

Even though the United States Court of Appeals for the Fifth Circuit favors resolving cases on their merits rather than granting default judgments, this preference is "counterbalanced by considerations of social goals, justice, and expediency, a weighing process [that] lies largely within the domain of the trial court's discretion." *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999).

In consideration of these competing preferences, the Court takes a two-part approach in determining whether to grant entry of default judgment. *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (requiring a "sufficient basis in the pleadings for the judgment entered"); *see also Lindsey v. Price Corp.*, 161 F.3d 886, 893 (5th Cir. 1998) (stating "relevant factors" in determining whether default judgment is appropriate).

First, the Court considers the following six non-exhaustive factors to decide whether default judgment is appropriate: (1) "whether the default was caused by a good faith mistake or excusable neglect"; (2) "whether there has been substantial prejudice"; (3) "the harshness of a default judgment"; (4) whether there are "material issues of fact"; (5) "whether the grounds for a default judgment are clearly established"; and (6) whether the Court would be "obliged to set aside the default on

the defendant's motion." *Lindsey*, 161 F.3d at 893. Default judgment can also appropriate where a defendant fails to follow court orders. *See McGrady v. D'Andrea Elec., Inc.*, 434 F.2d 1000, 1001 (5th Cir. 1970) (upholding a default judgment due to a defendant's "delay and failure to comply with court rules").

Second, the Court must assess the merits of the plaintiff's claims and find a "sufficient basis in the pleadings for the judgment entered.*" Nishimatsu*, 515 F.2d at 1206; *see also Escalante v. Lidge*, 34 F.4th 486, 493 (5th Cir. 2022) ("[E]ven if a defendant defaults, a court may still deny default judgment if the plaintiff has failed to state a claim on which relief can be granted." (citing *Lewis v. Lynn*, 236 F.3d 766, 767-68 (5th Cir. 2001) (per curiam))).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must "contain a short and plain statement of the claim showing the pleader is entitled to relief." FED R. CIV. P. 8(a)(2). This requirement "give[s] the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). By defaulting, the defendant is deemed to admit "the plaintiff's well-pleaded allegations of fact" and is not deemed to "admit allegations that are not well-pleaded or to admit conclusions of law." *Nishimatsu*, 515 F.2d at 1206. The factual allegations, assumed to be true, need only "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Detailed allegations are not required, but "the pleading must present more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"A default judgment … establishes the defendant's liability. But it does not

- 4 -

establish the amount of damages." *United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). "[I]n the context of a default judgment, unliquidated damages normally are not awarded without an evidentiary hearing … [except] where the amount claimed is a liquidated sum or one capable of mathematical calculation." *See James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

A sum capable of mathematical calculation is one that can be "computed with certainty by reference to the pleadings and supporting documents alone." *Id.* at 311. Thus, affidavits submitted to support a claim for mathematically calculable damages "must be sufficiently detailed to establish necessary facts." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).

Two other caveats apply. "[A] 'party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default.' In fact, '[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis*, 236 F.3d at 767 (citations omitted). And, before it may enter default judgment, "the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) (quoting *Williams v. Life Savings & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) (federal courts have independent duty to examine their own subject matter jurisdiction).

## Analysis

Deciding a motion for default judgment "begins, as it must, by examining the

Court's jurisdiction." *Wattiker v. Elsenbary Enters., Inc.*, No. 3:22-cv-940-B-BN, 2023 WL 5167023, at *3 (N.D. Tex. May 19, 2023) (cleaned up; quoting *Hammerschmidt v. Garland*, 54 F.4th 282, 287 (5th Cir. 2022)), *rec. accepted*, 2023 WL 5167019 (N.D. Tex. June 13, 2023); *accord Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) ("Jurisdiction is always first." (citation omitted)).

Moore's alleging that her place of employment was Edgewood Rehabilitation & Care Center, in Mesquite, Texas, but naming as the sole defendant Fundamental and providing an address for Fundamental in Maryland, *see* Dkt. No. 3 at 2-3; *see also* Dkt. No. 8-11 (reflecting service on Fundamental in Maryland), causes the undersigned to question whether Moore has shown the Court that it has jurisdiction over Fundamental consistent with constitutional due process.

But, even if there is personal jurisdiction – which, unlike subject matter jurisdiction, is waivable – Moore still has not alleged a plausible ADA violation against Fundamental such that the Court may find a "sufficient basis in the pleadings [to enter] judgment*." Nishimatsu*, 515 F.2d at 1206.

To plausibly allege (and ultimately prove) an ADA claim against an employer or former employer requires that a plaintiff either rely on direct evidence or proceed under a burden-shifting analysis.

"[D]irect evidence is rare" and has been defined "as evidence which, if believed, proves the fact without inference or presumption." *Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 579 (5th Cir. 2020) (cleaned up). For example, "[a] statement or document which shows on its face that an improper criterion served as a basis – not

necessarily the sole basis, but a basis – for the adverse employment action [is] direct evidence of discrimination." *Id.* (cleaned up).

Insofar as Moore lacks such direct evidence, the first step in the burden-shifting analysis requires that a plaintiff articulate a prima facie case as to each cause of action.

A plaintiff need not establish a prima facie case at the pleading stage. *See Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019); *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013). But a plaintiff must "plead sufficient facts on all of the ultimate elements of his claim to make his case plausible." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (citations omitted).

A district court may therefore rely on the prima facie elements "to frame [its] inquiry" at the pleading stage. *Norsworthy v. Hous. Indep. Sch. Dist.*, 70 F.4th 332, 336 (5th Cir. 2023); *see also Meadows v. City of Crowley*, 731 F. App'x 317, 318 (5th Cir. 2018) (per curiam) (*Raj* "does not exempt a plaintiff from alleging facts sufficient to establish the elements of her claims." (citations omitted)); *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 387 n.1 (5th Cir. 2017) ("Although not a pleading standard, this court has looked to the 'evidentiary framework' set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to determine whether a plaintiff pleads discriminatory intent." (cleaned up)).

So, at this stage, the Court must ask whether plaintiffs have alleged enough facts, accepted as true, to allege an actionable employment-based claim. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-13 (2002).

And, if they have "not pled such facts," it is "proper[ to] dismiss" their claim(s). *Meadows*, 731 F. App'x at 318; *see also Cicalese*, 924 F.3d at 766-67 (noting that the district court's "task is to identify the ultimate elements of [the applicable employment-related] claim and then determine whether the" plaintiff has pled those elements but that a "district court err[s if it] require[es a plaintiff] to plead something beyond those elements to survive a motion to dismiss").

Under the ADA, "an employer is generally prohibited from 'discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.'" *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 302 (5th Cir. 2020) (quoting 42 U.S.C. § 12112(a)).

To plead a plausible claim of ADA discrimination, a plaintiff must provide facts to support "(1) that he has a disability; (2) that he was qualified for the job; and (3) that he was subject to an adverse employment decision on account of his disability." *Thompson v. Microsoft Corp.*, 2 F.4th 460, 470 (5th Cir. 2021) (quoting *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 697 (5th Cir. 2014)).

The ADA defines a disability as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking,

standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A).

And "[t]he ADA Amendments Act of 2008 … provides, among other things, that the term 'substantially limits' is to be interpreted as broadly as possible.'" *Milteer v. Navarro Cnty., Tex.*, 652 F. Supp. 3d 754, 763 (N.D. Tex. 2023) (quoting 42 U.S.C. § 12102(4)(A)-(B)); *see also Mueck v. La Grange Acquisitions, L.P.*, 75 F.4th 469, 478-81 (5th Cir. 2023).

Even so, Moore has failed "to adequately allege a disability under the ADA" by "plead[ing] facts giving rise to an inference that [any alleged, yet, here, unidentified,] impairment 'substantially limits one or more "major life activities."'" *Luedecke v. Tenet Healthcare Corp.*, No. 3:14-cv-1582-B, 2015 WL 58733, at *5 (N.D. Tex. Jan. 5, 2015) (quoting *Hale v. King*, 642 F.3d 492, 500-01 (5th Cir. 2011)).

Moore alleges that "Karen Miller stated I was only covered by the ADA if I had a long term disability and my illness was a short term disability and the ADA does not apply to me" and that "I believe that I was retaliated against based on my disability, in that I was terminated for requesting a reasonable accommodation, in violation of the [ADA]." Dkt. No. 3 at 5, 10, & 14. Further correspondence attached to the complaint reflects (1) that Moore claimed that her physician stated that she was disabled and (2) that she had been in a car accident. *See id.* at 18 (stating that he physician "stated I was disabled and the [ADA] pertained to my medical condition"); *id.* at 20 (stating that she "was out recovering from the car accident").

But these conclusory assertions are not enough to adequately allege a

disability under the ADA consistent with the legal standards set out above.

And, to the extent that Moore makes a failure-to-accommodate claim under the ADA, the statute

> requires employers to "mak[e] reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability." 42 U.S.C. § 12112(b)(5)(A). To prevail on a failure-to-accommodate claim, a plaintiff "must show that (1) [he] is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered employer; and (3) the employer failed to make 'reasonable accommodations' for such known limitations."

*Mueck*, 75 F.4th at 485 (citation omitted).

But Moore's failure to adequately allege a disability under the ADA also prevents the Court from finding that this claim is plausibly pled.

The ADA further "prohibits an employer from 'discriminating against any individual because such individual has opposed any act or practice made unlawful by the ADA or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the ADA." *Lyons*, 964 F.3d at 303-04 (cleaned up). And the ultimate elements of an unlawful retaliation claim under the ADA are "that: (1) [the plaintiff] engaged in an activity protected by the ADA, (2) she suffered an adverse employment action, and (3) there is a causal connection between the protected activity and the adverse action." *Id.* at 304 (footnote omitted).

And, again, a failure to adequately allege a disability under the ADA prevents the Court from finding the reasonable belief required to allege that Moore opposed an employment practice that is unlawful under the ADA.

In sum, Moore's failure to plausibly allege an ADA violation prevents finding

a sufficient basis in the pleadings for default judgment and requires that the Court deny her motion and dismiss this lawsuit without prejudice.

## Recommendation

The Court should deny Plaintiff Nekela Janan Moore's motion for default judgment [Dkt. No. 13] and enter judgment dismissing this lawsuit without prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 23, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE